UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN HIDALGO and RASHEENA THOMPSON,

                                   Plaintiffs,

    -against-

THE CITY OF NEW YORK, P.O. "JOHN DOE" and P.O. "JANE DOE," Individually and in Their Official Capacities, (the names "John Doe" and "Jane Doe" being fictitious, as the true names are presently unknown),

                                   Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs, CARMEN HIDALGO and RASHEENA THOMPSON ("Plaintiffs"), by and through their attorneys, JON L. NORINSBERG, ESQ., PLLC, complaining of the Defendants CITY OF NEW YORK, P.O. "JOHN DOE" and P.O. "JANE DOE" (collectively, "Defendants") respectfully allege upon information and belief as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs seek relief for Defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, by the laws of the State of New York and the City of New York, and by the common law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343, and 1367.

1

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. Section 1391(b), in that this is the District in which the claim arose.

## DEMAND FOR JURY TRIAL

5. Plaintiff hereby demands a trial by jury on all issues so triable in this action pursuant to Fed. R. Civ. P. 38 (b).

## THE PARTIES

6. Plaintiff CARMEN HIDALGO ("HIDALGO") is a resident of Bronx County in the City and State of New York.

7. Plaintiff RASHEENA THOMPSON ("THOMPSON") is a resident of Bronx County in the City and State of New York.

8. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains and operates the New York City Police Department ("NYPD"), a duly authorized police department acting under the direction and supervision of the aforementioned municipal corporation.

10. Upon information and belief, Defendant "JOHN DOE" and "JANE DOE" are police officers employed by the NYPD.

11. Defendants "JOHN DOE" and "JANE DOE" are being sued in their individual capacities.

12. At all times relevant hereto, Defendants "JOHN DOE" and "JANE DOE" were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the

course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department.

13. On or about October 11, 2024, Plaintiff caused a written Notice of Claim to be served upon the CITY OF NEW YORK, within ninety (90) days of the incident as alleged herein.

14. On or about January 9, 2025 and January 10, 2025, hearings were held pursuant to General Municipal Law Section 50-h.

15. This action has been commenced within one (1) year and ninety (90) days of the date of the occurrence herein.

## STATEMENT OF FACTS

16. On August 21, 2024, at approximately 10:30 a.m., Plaintiffs HIDALGO and THOMPSON were lawfully returning to their apartment located at 210 East 230th Street, Apt. 3E, Bronx, New York 10463 (hereinafter "apartment").

17. At all times relevant hereto, Plaintiff HIDALGO resided at the apartment located at 210 East 230th Street, Apt. 3E, Bronx, New York 10463.

18. As Plaintiffs were unlocking and opening their apartment door, Defendant JOHN DOE forcefully and without provocation violently shoved the apartment door into the back of Plaintiff THOMPSON, causing Plaintiff THOMPSON to fall into Plaintiff HIDALGO.

19. The force of the door striking Plaintiff THOMPSON caused her to bump her head and fall into Plaintiff HIDALGO, who then fell to the floor.

20. Plaintiffs advised Defendant "JOHN DOE" that he was at the wrong apartment and that they did not call the police.

21. Defendant officer "JANE DOE" was also present on the third floor of the building and witnessed Defendant officer "JOHN DOE" forcefully assault Plaintiffs with the apartment door.

22. After Defendant "JOHN DOE" hit Plaintiffs with the apartment door, Plaintiffs heard Defendant "JANE DOE" call to Defendant "JOHN DOE" to advise him that he was at the wrong apartment.

23. During this time, neighbors in the building were yelling at the officers, informing them that they were attempting to enter the wrong apartment.

24. As a result of being forcibly pushed, Plaintiff HIDALGO fell to the floor, causing her to suffer pain in her right shoulder and neck.

25. As a result of being aggressively pushed, Plaintiff THOMPSON was struck by the apartment door, causing her to suffer pain in her head and lower back.

26. After the incident, Plaintiffs were able to close their apartment door, and Plaintiff THOMPSON called 911 for medical assistance as Plaintiff HIDALGO was unable to get up from the floor.

27. Plaintiffs were transported to Allen Pavilion Hospital for treatment of their injuries.

28. As a result of the incident, Plaintiff HIDALGO suffered severe and permanent personal injuries, including but not limited to cervical spine sprain/strain with disc bulge at C4-C5 with impingement upon the thecal sac, disc-osteophyte complexes/spurs at C5-C6 and C6-C7, and straightening of the normal lordotic curve with levocurvature compatible with muscle spasm; right shoulder sprain/strain with impingement syndrome and partial tearing of the supraspinatus tendon; right elbow/forearm sprain/strain; and right wrist sprain/strain.

29. As a result of the incident, Plaintiff THOMPSON sustained serious physical injuries including but not limited to post-concussion headache; thoracic spine sprain/strain; lumbar spine sprain/strain; right shoulder sprain/strain with impingement syndrome; right elbow sprain/strain; and right hip sprain/strain contusion.

30. Both Plaintiffs suffered severe emotional distress, mental trauma, anguish, shame, humiliation, and indignity as a result of the defendants' unlawful actions.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 - EXCESSIVE FORCE

31. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

32. By the actions described above, the Defendants, acting under color of state law, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from the use of excessive force.

33. The level of forced employed by Defendants was objectively unreasonable and in violation of the Plaintiffs' constitutional rights.

34. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## SECOND CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

35. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

5

36. Defendant "JANE DOE" had an affirmative duty to intervene to protect the constitutional rights of Plaintiffs from being violated by Defendant "JOHN DOE" in her presence.

37. Defendant "JANE DOE" violated Plaintiffs' constitutional rights in the presence of her police colleagues.

38. Defendant "JANE DOE" had reason to know Plaintiffs' constitutional rights were being violated.

39. Defendant "JANE DOE" had a realistic opportunity to intervene to prevent the harm from occurring to Plaintiffs but failed to do so.

40. Notwithstanding this opportunity, Defendant "JANE DOE" failed to intervene to prevent the violations of Plaintiffs' constitutional rights.

41. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## THIRD CLAIM FOR RELIEF
### ASSAULT UNDER N.Y. STATE LAW

42. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

43. The defendants, without just cause or provocation, assaulted the Plaintiffs by intentionally placing them in apprehension of imminent harmful contact.

44. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## FOURTH CLAIM FOR RELIEF
### BATTERY UNDER N.Y. STATE LAW

45. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants, without just cause or provocation, committed a battery upon the Plaintiffs by intentionally making harmful and offensive contact with their persons.

47. As a result of the foregoing, Plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENT TRAINING, RETENTION AND SUPERVISION

48. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendant CITY OF NEW YORK owed a duty to the public at large, including Plaintiffs, to properly train, supervise, and discipline its police officers.

50. Defendant CITY OF NEW YORK breached that duty by failing to properly train, supervise, and discipline its police officers, including the individual defendants.

51. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

### SIXTH CLAIM FOR RELIEF
### INDIVIDUAL DEFENDANT OFFICER'S VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS

52. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

53. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

54. The acts of the defendant officers caused Plaintiffs to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in their persons, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

55. The defendant officers, while in uniform, unlawfully used excessive force against the Plaintiffs.

56. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## INDIVIDUAL DEFENDANT OFFICER'S FAILURE TO INTERVENE IN VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS

57. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

58. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

59. Defendant officers had a duty to protect Plaintiffs from violations of their rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in their person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

60. Defendant JANE DOE who did not initially assault Plaintiffs, but who were present when Defendant JOHN DOE violated Plaintiffs' AC §§ 8-802 right against excessive force, had

an affirmative duty to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in her presence.

61. Defendant JANE DOE failed to intervene to prevent the unlawful conduct described herein, thereby failed in her duty to intervene to protect Plaintiffs from violation of their rights.

62. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## CITY-EMPLOYER'S LIABILITY FOR DEFENDANT OFFICER'S VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS

63. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

64. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of Defendant CITY OF NEW YORK and the NYPD.

65. Defendant City of New York, as the employer of the covered individual defendant officers, is liable to the Plaintiffs for the wrongdoing of the covered individual defendant officers.

66. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

67. The acts of defendant officers caused Plaintiffs to be deprived of their rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in their person, house, papers, and effects against unreasonable searches and seizures, and to be secure

9

against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

68. The defendant officers, while in uniform, unlawfully used excessive force against the Plaintiffs.

69. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

**NINTH CLAIM FOR RELIEF**
**CITY-EMPLOYER'S LIABILITY FOR DEFENDANT OFFICER'S FAILURE TO INTERVENE IN VIOLATION OF PLAINTIFF'S AC § 8-802 RIGHTS**

70. Plaintiffs repeat, reiterate, and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

71. Defendant officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of Defendant CITY OF NEW YORK and the NYPD.

72. Defendant City of New York, as the employer of the covered individual defendant officers, is liable to Plaintiff for the wrongdoing of the covered individual defendant officers.

73. The acts of the defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

74. The defendant officers had a duty to protect Plaintiffs from violations of their rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in their person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

75. Defendant "JANE DOE" had an affirmative duty to intervene to protect the constitutional rights of Plaintiffs from being violated by Defendant "JOHN DOE" in her presence.

76. Defendant "JANE DOE" violated Plaintiffs' constitutional rights in the presence of her police colleagues.

77. Defendant "JANE DOE" had reason to know Plaintiffs' constitutional rights were being violated.

78. Defendant "JANE DOE" had a realistic opportunity to intervene to prevent the harm from occurring to Plaintiffs but failed to do so.

79. Notwithstanding this opportunity, Defendant "JANE DOE" failed to intervene to prevent the violations of Plaintiffs' constitutional rights.

80. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiffs from violation of his rights.

81. As a result of the foregoing, plaintiffs sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs CARMEN HIDALGO and RASHEENA THOMPSON, demand judgment for compensatory damages, punitive damages, plus reasonable attorney's fees, costs and disbursements in this action.

Dated: New York, New York
       March 25, 2025

Yours, etc.

**JON L. NORINSBERG, ESQ., PLLC**

_____
Arjeta Albani, Esq.
*Attorney for Plaintiff*
110 East 59th Street, Ste. 2300
New York, New York 10022
Tel. No.: (212) 791-5396
Fax No.: (212) 406-6890
arjeta@norinsberglaw.com