| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JACQUELYN DAINOW**<br>Phone: (212) 356-0896<br>Fax: (212) 356-3509<br>Email: jadainow@law.nyc.gov |

***Time to answer extended to September 29, 2025. Conference adjourned from September 29, 2025 to February 6, 2026 at 10:00 a.m. Call-In: 855-244-8681; Access Code: 2305 810 3970#.***
***SO ORDERED.***
***Dated: 9/24/2025***

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

**VIA ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Hidalgo and Thompson v. City of New York, et al.*, 25-cv-2445 (PKC)(JW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York in the above-referenced action. Defendant City writes to respectfully request: (1) a one-week extension of time, from September 22, 2025, until September 29, 2025, for Defendant City to respond to Plaintiff's Complaint, and a corresponding extension of all other Local Civil Rule 83.10 ("the Plan") deadlines; and (2) an adjournment of the initial conference, currently scheduled for September 29, 2025, until after the Plan has run its course. This is the second request for an extension of time to respond to the Complaint, and the first request for an adjournment of the initial conference. Counsel for Plaintiffs consents to these requests.[1] Pursuant to Section 1(A)(iii) of Your Honor's Individual Practices in Civil Cases, Defendant City states that an initial conference before Your Honor is currently scheduled for September 29, 2025. ECF No. 10.

      In the Complaint, Plaintiffs Carmen Hidalgo and Rasheena Thompson allege a violation of their Constitutional rights on or about August 21, 2024, in the Bronx, New York. *See* ECF No. 1. Plaintiffs allege that when they attempted to enter their apartment, they were forcibly pushed into it by members of the New York Police Department ("NYPD"), resulting in various injuries. *Id.* Plaintiffs further claim that they called 911 and were taken to the hospital for treatment.

---

[1] On September 5, 2025, Your Honor granted an extension of time from September 1, 2025, until September 22, 2025 for Defendant to respond to the Complaint. ECF No. 10. On this date, Your Honor also adjourned the initial conference, *sua sponte*, from September 5, 2025, to September 29, 2025.

*Id.* Specifically, Plaintiffs allege claims of excessive force, failure to intervene, state law claims of assault, battery, and negligent training, and violations of the NYC Administrative code. *Id.*

As an initial matter, Defendant City requests a brief one-week extension of time to respond to the complaint as additional time is needed to prepare and finalize Defendant City's response. The undersigned recognizes that pursuant to the Court's Individual Rules, to the extent an extension of time to respond to the complaint is requested, the letter motion must also request an adjournment of the initial conference to two weeks after the answer is filed. For the reasons set forth below, Defendant City respectfully requests that the initial conference be adjourned until such time that the Plan has run its course in this matter.

To that end, on March 28, 2025, the Court designated this case for participation in the Plan. On July 1, 2025, Plaintiffs served a 160.50 release on Defendant City, making Defendant City's time to respond to the Complaint due by September 1, 2025. *See* § 1983 Plan, at ¶ 3. On August 20, 2025, defendant City requested a three-week enlargement of time to respond to the complaint, which was granted on September 5, 2025. ECF No. 10.

Under the terms of the Plan, the parties are to have their Rule 26(f) conference within 14 days after the first defendant files its answer, initial disclosures should be exchanged one week later, and further discovery is to occur another week later. § 1983 Plan, at ¶¶ 4, 5. Additionally, within 14 days of the first answer, the mediation office is to assign a mediator to the case, and a mediation is to occur no later than 14 weeks after the first defendant files its answer. All other discovery is stayed during this time. *Id.*, at ¶¶ 5-8. Accordingly, pursuant to the deadlines set forth by the Plan, the deadline for the parties to attend mediation is currently December 29, 2025; however, to the extent the Court grants the within request for an additional week to respond to the complaint, it would be adjusted to January 5, 2026. Given the posture of this case and its designation as a Plan case, defendant City respectfully requests that the initial pre-trial conference be adjourned until sometime after January 5, 2026, when the Plan has run its course. Such an adjournment will provide the parties an opportunity to utilize the deadlines contained in the Plan and thereafter proceed to further litigation in the event this matter cannot be resolved via mediation.

Accordingly, for the reasons set forth herein, Defendant City respectfully requests: (1) a brief one-week extension of time, until September 29, 2025, for Defendant City to respond to the Complaint, and a corresponding extension of all other Plan deadlines; and (2) an adjournment of the initial conference until after the Plan has run its course. Defendant City thanks the Court for its time and consideration.

Respectfully submitted,

s/ *Jacquelyn Dainow*

Jacquelyn Dainow
Assistant Corporation Counsel

cc: All counsel of record (via ECF)