

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-3509
Email: jadainow@law.nyc.gov

September 29, 2025

**Application to extend time to respond to October 13, 2025 and corresponding extension of the 1983 Plan deadlines is GRANTED.**
**SO ORDERED.**
**Dated: 10/8/2025**

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

**VIA ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Hidalgo and Thompson v. City of New York, et al.*, 25-cv-2445 (PKC)(JW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York in the above-referenced action. On behalf of the parties, defendant City respectfully submits this joint request for a two-week extension of time, from September 29, 2025, until October 13, 2025, for Defendant City to respond to Plaintiff's Complaint, and a corresponding extension of all other Local Civil Rule 83.10 ("the Plan") deadlines. This is the third request for an extension of time to respond to the Complaint.[1] Pursuant to Section 1(A)(iii) of Your Honor's Individual Practices in Civil Cases, Defendant City states that an initial conference before Your Honor is currently scheduled for February 6, 2026 and this request should have no impact on that conference date. ECF No. 13.

      In the Complaint, Plaintiffs Carmen Hidalgo and Rasheena Thompson allege a violation of their Constitutional rights on or about August 21, 2024, in the Bronx, New York. *See* ECF No. 1. Plaintiffs allege that when they attempted to enter their apartment, they were forcibly pushed into it by members of the New York Police Department ("NYPD"), resulting in various injuries. *Id.* Plaintiffs further claim that they called 911 and were taken to the hospital for treatment. *Id.* Specifically, Plaintiffs allege claims of excessive force, failure to intervene, state law claims of assault, battery, and negligent training, and violations of the NYC Administrative code. *Id.*

---

[1] On September 5, 2025, Your Honor granted an extension of time from September 1, 2025, until September 22, 2025 for Defendant to respond to the Complaint. ECF No. 10. Thereafter, on September 24, 2025, Your Honor granted Defendant a further extension until September 29, 2025. ECF No. 13.

   The reason for the requested extension is that since the date of Defendant City's prior request, through its continued investigation and evaluation of the allegations in preparation of its response to Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 11, the undersigned discovered that the body-worn camera footage related to the incident alleged in the Complaint does not show the New York Police Department officers using excessive force as alleged by Plaintiffs. This is significant because the primary claim in Plaintiff's Complaint is excessive force. Accordingly, immediately thereafter, the undersigned provided counsel for Plaintiffs the aforementioned body-camera footage and met and conferred both via email and telephone on this issue. In light of the aforementioned footage, the undersigned requested that counsel for Plaintiffs withdraw their Complaint. Counsel for Plaintiffs informed the undersigned that she has viewed the footage but needs additional time to speak with her clients before she can advise whether or not Plaintiffs will withdraw the Complaint. Therefore, in an effort to conserve judicial resources by having to rule on potential motion practice in response to the Complaint, the parties respectfully request additional time to see if they can come to a resolution absent judicial intervention.[2] [3]

   Accordingly, for the reasons set forth herein, the parties respectfully request an extension of time, until October 13, 2025, for Defendant City to respond to the Complaint.

   The parties thank the Court for its time and consideration.

            Respectfully submitted,

            s/ *Jacquelyn Dainow*
            Jacquelyn Dainow
            Assistant Corporation Counsel

cc:  All counsel of record (via ECF)

---

[2] The undersigned recognizes that pursuant to the Court's Individual Rules, to the extent an extension of time to respond to the complaint is requested, the letter motion must also request an adjournment of the initial conference to two weeks after the answer is filed. However, an initial conference was previously adjourned by Your Honor from September 29, 2025, to February 6, 2026. ECF No. 13.

[3] Defendant City also notes that despite claims of physical and emotional injuries, Plaintiffs did not serve HIPAA releases on Defendant City, pursuant to ¶ 1(b) of the Plan, nor in response to a follow-up request by Defendant City thereafter. Accordingly, and pursuant to the Plan, Plaintiff has effectively waived any claims for compensation for those alleged physical and mental injuries. *Id.* The Plaintiffs do not agree that they have waived any claims for compensation for physical and mental injuries. Due to unavoidable staffing changes during the last few months which included the loss of two attorneys, one of whom unexpectedly left the firm, and the other who had to go out on short term disability, Plaintiffs unfortunately did not serve authorizations as required by the Section 1983 plan. The Plaintiffs will serve authorizations within the next ten (10) days.