UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN HIDALGO AND
RASHEENA THOMPSON,

                Plaintiffs,                       25 cv 2445

   -against-                                    *ORDER*

CITY OF NEW YORK, et al.,

                Defendants.

---

CASTEL, United States District Judge.

The Complaint in this action was filed by Carmen Hidalgo and Rasheena Thompson on March 25, 2025. (ECF 1.) The Complaint alleges that plaintiffs were unlawfully subjected to excessive force by John Doe and Jane Doe, officers of the New York City Police Department ("NYPD"). (Id.) Figueroa brings claims against the officers and the City of New York (the "City") pursuant to 42 U.S.C. § 1983, accompanied by a variety of state law claims.

The City moves to dismiss the action in its entirety pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.

As a result of participation in the Court's Section 1983 Plan, certain pre-answer discovery was produced by defendants, including Body Worn Camera ("BWC") video of the incident. On October 14, 2025, counsel advised the Court of an intention to withdrawn from the action and sought a stay of all deadlines. (ECF 16.) The Court extended the time for defendants to answer and directed plaintiffs' counsel to file the motion to withdraw within 14 days. (ECF 20.)

Counsel moved to withdraw and filed an *ex parte* declaration which cited the content of the BWC video in relation to the allegations of the Complaint as creating an "ethical conflict" necessitating the motion to withdraw. (ECF 23.) The motion to withdraw was served

on the plaintiffs.  No response to the motion was filed by plaintiffs and on February 4, 2026  the

Court entered an Order granting the motion to withdraw and advising plaintiffs of the next

required steps:

> **PLAINTIFFS CARMEN HIDALGO AND RASHEENA THOMPSON ARE ADVISED TO CONSIDER RETAINING A LAWYER.  HOWEVER, THEY ARE ALSO PERMITTED TO PROCEED WITHOUT A LAWYER.**
> **IF THEY WISH TO PROCEED WITH THIS ACTION, THEN BY MARCH 2, 2026, THEY MUST EITHER:**
> **(A)   WRITE TO THE COURT (HON. P. KEVIN CASTEL, U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK NY 10007) EACH SETTING FORTH HER ADDRESS WHERE ALL FUTURE COMMUNICATIONS MAY BE SENT; OR**
> **(B)   HAVE A LAWYER ADMITTED TO PRACTICE IN THIS COURT FILE A NOTICE OF APPEARANCE.**
> **IF PLAINTIFFS FAIL TO FULLY COMPLY WITH EITHER OF THE FOREGOING, THE COURT WILL DISMISS THE ACTION.  THE CASE WILL BE OVER AND THEY WILL RECOVER NOTHING.**

(ECF 28.)

No commuication was received from plaintiffs by March 2 and the same remains

true through the date of this Order.  The February 4 Order also advised plaintiffs of the next

conference date:

> **THE INITIAL PRETRIAL CONFERENCE SCHEDULED FOR FEBRUARY 6, 2026 IS ADJOURNED TO MARCH 20, 2026 AT 11:00 A.M.**

(Id.)

Defendants' counsel wrote to the Court seeking to adjourn the conference *sine die*

and to dismiss the action.   The Court declined to adjourn the March 20 conference or dismiss the

action. (ECF 31.)

On March 20, 2026, the Court conducted the scheduled conference but there was

no appearance by plaintiffs. (Mar. 20, 2026, Minute Entry.)   Defendants have renewed their

motion to dismiss for failure to prosecute.

2

I.   Failure to Prosecute.

Dismissal for failure to prosecute under Rule 41, Fed. R. Civ. P, is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

As to the first factor, the Court must determine "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255.  The failure to prosecute was directly attributable to plaintiffs.  The Court required plaintiffs' counsel to file a formal motion to withdraw and the file an affidavit of service of the motion on plaintiffs. (ECF 17, 24.)  The Court required the moving attorneys to advise their client in writing "that they may oppose the motion to withdraw by making a written submission within 14 days of the filing and service of the motion" (ECF 20.)  Each plaintiff was served with the motion, including the *ex parte* declaration, by overnight Federal Express on November 4, 2025. Neither plaintiff responded to the motion nor sought an extension of time to do so.

The Court's Order of February 4, 2026, served on each plaintiff (ECF 28), informed them that they were required to provide the Court with their contact information —or a notice of appearance by an attorney—by March 2, 2006..  They failed to do either. They were

3

also informed by the February 4 Order of the March 20 conference, and they failed to attend or seek an an adjournment of the conference.  In the ensuing time period, they have not explained their various failures.

The Court concludes that the delay is attributable exclusively to the plaintiffs and it has been of significant duration.

On the second factor, the Court's February 4 Order expressly warned plaintiffs that " **IF PLAINTIFFS FAIL TO FULLY COMPLY WITH EITHER OF THE FOREGOING** [i.e. supplying contact information or causing a new lawyer to enter an appearance by March 2], **THE COURT WILL DISMISS THE ACTION.  THE CASE WILL BE OVER AND THEY WILL RECOVER NOTHING**." Plaintiffs therefore were on notice that further delay could result in dismissal of the Complaint. The warning was in plain language, prominently presented and was neither technical nor *pro forma*.

As to the third factor, "prejudice may be presumed as a matter of law" when the "delay was lengthy and inexcusable." Drake, 375 F.3d at 256. Plaintiffs provide no explanation for their on-going inaction and it is therefore inexcusable.

The Court has considered "calendar congestion" balanced against the plaintiffs' right to their day in court.   While the Court does not consider its calendar to be congested, the plaintiffs' actions mean that the case is stuck in the mud.  Defendants may not conduct discovery leading to a summary judgment motion or trial. The Court would have been eager to have the plaintiffs have their day in court but their own actions have deprived them of that right.

Finally, lesser sanctions would not be efficacious because plaintiffs were warned in bold face, capital letters that failure to comply with the requirements of. the February

4

4 Orde would result in dismissal. Yet it did not move them to act.  A monetary or evidentiary sanction could not be expected to have had a better effect.

The balance of factors strongly weigh in favor of dismissal.

CONCLUSION.

Defendants' motion to dismiss pursuant to Rule 41(b) is GRANTED   The Clerk is requested to terminate the letter motion at ECF 32, enter judgment for defendants and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        April 15, 2026

5